```
McGREGOR W. SCOTT
United States Attorney
DAVID T. SHELLEDY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2799
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA COFFRON AND JULIE MUELLER, | No. CIVS-04-2669 FCD/GGH |
| Plaintiff, | SETTLEMENT STIPULATION; RELEASES; DISMISSAL; ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

   It is hereby stipulated by and between plaintiffs Lisa Coffron and Julie Mueller ("plaintiffs") and defendant, the United States of America (collectively with plaintiffs, "the parties"), and their undersigned attorneys as follows:

   1.  The parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

   2.  The United States agrees to pay the sum of seventeen thousand eight hundred forty eight dollars ($17,848.00) to

1  plaintiffs, which sum shall be in full settlement and
2  satisfaction of any and all claims, demands, rights, and causes
3  of action of whatsoever kind and nature, arising from, and by
4  reason of any and all known and unknown, foreseen and unforeseen
5  bodily and personal injuries, damage to property and the
6  consequence thereof, resulting, and to result, from the subject
7  matter of this action, including any claims for wrongful death,
8  which plaintiffs, and each of them, or their guardians, heirs,
9  executors, administrators, or assigns, now have or may hereafter
10 acquire against the United States, its agents, servants, and
11 employees.
12      3.  Plaintiffs, and each of them, and their guardians,
13 heirs, executors, administrators or assigns hereby agree to
14 accept the sum set forth in paragraph 2 in full settlement and
15 satisfaction of any and all claims, demands, rights, and causes
16 of action of whatsoever kind and nature, including claims for
17 wrongful death, arising from, and by reason of, any and all known
18 and unknown, foreseen and unforeseen bodily and personal
19 injuries, damage to property and the consequences thereof which
20 they may have or hereafter acquire against the United States, its
21 agents, servants, and employees on account of the same subject
22 matter that gave rise to this action, including any future claim
23 or lawsuit of any kind or type whatsoever, whether known or
24 unknown, and whether for compensatory or exemplary damages,
25 arising from the Cannon Fire.  Plaintiffs, and each of them, and
26 their guardians, heirs, executors, administrators, or assigns
27 further agree to reimburse, indemnify and hold harmless the
28 United States and its agents, servants and employees from and

1  against any and all causes of action, claims, liens, rights, or
2  subrogated or contribution interests incident to or resulting
3  from further litigation or the prosecution of claims arising from
4  the subject matter of this action.

5       4.   Plaintiffs warrant and represent that throughout June
6  2002, and on every day the property referred to in the complaint
7  sustained direct or indirect damage as a result of the Cannon
8  Fire, they were the true and sole owners of all real and personal
9  property referred to in the complaint and in every administrative
10 tort claim filed by either or both of them concerning the Cannon
11 Fire.

12      5.   Plaintiff's undersigned attorney represents that he has
13 explained, and plaintiffs warrant and represent that they intend,
14 that this Stipulation shall release all existing and future
15 claims arising directly or indirectly from the acts or omissions
16 that gave rise to the above-captioned action, including claims
17 that are unknown and unforeseen, notwithstanding Section 1542 of
18 the Civil Code of the State of California, which provides as
19 follows:

> A general release does not extend to claims
> which the creditor does not know or suspect
> to exist in his favor at the time of
> executing [this] Release, which if known by
> him must have materially affected his
> settlement with the debtor.

24      6.   This Stipulation is not, is in no way intended to be,
25 and should not be construed as, an admission of liability or
26 fault on the part of the United States or its agents, servants,
27 or employees, and it is specifically denied that they are liable
28 to plaintiffs.  This settlement is entered into by all parties

1  for the purpose of compromising disputed claims under the Federal
2  Tort Claims Act and avoiding the expenses and risks of further
3  litigation.
4       7.  The parties agree that they will each bear their own
5  costs, fees, and expenses; that any attorney's fees owed by
6  plaintiffs will be paid out of the settlement amount and not in
7  addition thereto; and that all outstanding or future bills and
8  liens will be the sole responsibility of plaintiffs.  Pursuant to
9  Title 28, United States Code, Section 2678, attorney's fees for
10 services rendered in connection with this action shall not exceed
11 25 percent of the amount of the compromise settlement.
12      8.  Payment of the settlement amount will be made by check
13 payable to plaintiffs and their attorney, Timothy W. Pemberton,
14 Esq.  Plaintiff's attorney agrees to distribute the settlement
15 proceeds, and to obtain a dismissal of the above-captioned action
16 with prejudice, with all parties bearing their own fees, costs
17 and expenses.
18      9.  The parties and their undersigned attorneys agree to
19 execute and deliver such other and further documents as may be
20 required to carry out the terms of this Agreement.
21      10. Each person signing this Stipulation warrants and
22 represents that he or she possesses full authority to bind the
23 person[s] on whose behalf he or she is signing to the terms of
24 the Stipulation.
25      11. Each person signing this Stipulation warrants and
26 represents that no promises, inducements, or other agreements not
27 expressly contained herein have been made; that this Stipulation
28 contains the entire agreement between the parties; and that the

1  terms of this Stipulation are contractual and not mere recitals.
2  This Stipulation may not be altered, amended, modified, or
3  otherwise changed in any respect, except by a writing duly
4  executed by the party to be charged.  All prior oral
5  understandings, agreements, and writings are superseded by this
6  Stipulation and are of no force or effect.
7       12.  Each person executing this Stipulation represents that
8  he or she has read and understands its contents; that he or she
9  executes this Stipulation voluntarily; that he or she has not
10 been influenced by any person acting on behalf of any party.
11      13.  The above-captioned action is hereby DISMISSED WITH
12 PREJUDICE in its entirety and, upon approval by the Court as
13 provided below, the Clerk of the Court is requested to enter this
14 dismissal and release in the official docket.
15      14.  Notwithstanding the entry of a dismissal herein, the
16 parties hereby stipulate that Hon. Frank C. Damrell, Jr.,
17 District Judge, shall retain jurisdiction to enforce the terms of
18 this compromise settlement.
19 ///
20 Date:  _____                    _____
                                        LISA COFFRON
21                                      Plaintiff
22
23 Date:  _____                    _____
                                        JULIE MUELLER
24                                      Plaintiff
25
26 Date:  _____                    _____
                                        TIMOTHY W. PEMBERTON
27                                      Attorney for Plaintiffs
28 ///

```
                                        McGREGOR W. SCOTT
                                        United States Attorney

Date: _____
                                   By:  DAVID T. SHELLEDY
                                        Assistant U.S. Attorney
                                        Attorney for the United States
```

                                    ORDER

IT IS SO ORDERED.

Date: <u>June 3, 2005</u>                    <u>/s/ Frank C. Damrell Jr.</u>
                                        FRANK C. DAMRELL, JR.
                                        District Judge